IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRIDEFAM BUSINESS VENTURES, LLC and 2002 MARSHALL ENTERPRISES LLC, <br><br> Defendants. | Case No. 2:25-cv-00144-LGW-BWC |

**DEFENDANTS' JOINT OPPOSITION TO MOTION TO STAY**

Defendants Pridefam Business Ventures, LLC and 2002 Marshall Enterprises, LLC's (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Opposition to Plaintiff Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Home Furniture's ("Plaintiff") Motion to Stay, ("Motion", ECF No. 27).

**I.    INTRODUCTION**

Plaintiff asks this Court to impose the extraordinary remedy of a stay while its claims and spurious allegations remain pending. Such a request is improper, unnecessary, and overbroad. Defendants have a right to adjudicate Plaintiff's allegations. As discussed *infra*, Plaintiff's motion to dismiss (the basis for this Motion) is not case dispositive and discovery is required regardless of the status of Defendants' counterclaims.[1] A stay would serve only one purpose—delay—while Plaintiff continues to cast a cloud over Defendants' businesses.

---

[1] Defendants submit that, although unnecessary to oppose this Motion, they are contemporaneously filing amended pleadings to eliminate counterclaims that Plaintiff has moved to dismiss.

1

Accordingly, the Motion should be denied.

## II.     ARGUMENT

### A.     A Stay Is Improper Because Plaintiff's Motion Is Not Case-Dispositive

Even under Plaintiff's standard, a stay is unwarranted because its motion to dismiss is not dispositive. Plaintiff argues that a district court has "discretion to stay discovery ***while a dispositive motion is pending***." Motion at 3 (emphasis added) (citing *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)). *See also* Motion at 4 ("The Court should also determine whether the parties have any need for discovery before the court rules ***on the [dispositive] motion***.") (emphasis added) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).[2] Plaintiff's motion to dismiss is not case-dispositive.

Plaintiff has only moved to dismiss Defendants' counterclaims. ECF No. 25, 26. Plaintiff does not seek dismissal of its own claims for federal trademark infringement (Count I), false designation of origin (Count II), deceptive trade practices (Count III), fraud (Count IV), unfair competition (Count V), common law trademark infringement (Count VI), and attorneys' fees (Count VII), not to mention its request for damages and injunctive relief. ECF No. 1. Plaintiff's claims necessarily require discovery into, *inter alia*, the validity, scope, and enforceability of Plaintiff's alleged trademark rights, as well as the factual bases for Plaintiff's allegations of counterfeiting and willfulness. Accordingly, discovery will be necessary regardless of Defendants' counterclaims.

---

[2] "Indeed, the Eleventh Circuit has since clarified that it 'only found an abuse of discretion [in *Chudasama*] because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months.' ***Courts have recognized, moreover, that a 'request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case***.'" *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 960–61 (Fed. Cir. 2018) (emphasis added).

2

Defendants note that in *Patterson*, relied upon by Plaintiff, "the district court had sufficient information before it upon which to rule, and that further discovery was not likely to produce a genuine issue of material fact." *Patterson*, 901 F.2d at 929. Plaintiff's alleged facts have been disputed in Defendants' Answers. ECF Nos. 15, 16. The Motion acknowledges that "allegations contained in the pleading are presumed to be true" and this applies to Defendants' Answers. Motion at 5. Accordingly, there are factual disputes preventing the Court from ruling at this stage and a stay is inappropriate.

**B.     Plaintiff Has Not Shown Good Cause Or A Particularized Burden**

Next, Plaintiff argues "[a] court may grant a stay upon a showing of good cause and reasonableness." Motion at 4 (citing *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184 (S.D. Fla. 2021)). However, *Cuhaci* stands for the proposition that "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Cuhaci*, 540 F. Supp. 3d at 1186. Again, "a motion to stay discovery ... is rarely appropriate unless resolution of the motion will dispose of the entire case." *Id*. at 1187 (citation omitted).

Plaintiff fails to proffer any specific showing. Instead, it makes only generalized assertions that "[a]voiding the cost of discovery while such a motion is pending constitutes 'good cause' for a stay." Motion at 4 (citing *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017)). In the law[3] relied on by Plaintiff, a stay was issued "pending a ruling on the legal sufficiency of [the] ***complaint***." *Roberts*, 716 F. App'x at 857 (emphasis added). Here, it is Plaintiff that has moved to dismiss counterclaims and so the case will continue regardless. If the

---

[3] Plaintiff otherwise relies on a number of unpublished cases, which are inapposite and cannot support a request for such exceptional relief. For example Plaintiff relies on *SP Frederica, LLC v. Glynn Cnty.*, Motion at 4, where "Defendants moved in this Court to dismiss Plaintiffs' Amended Complaint in its entirety." No. 2:15-CV-73, 2015 WL 5242830, at *1 (S.D. Ga. Sept. 8, 2015). This is opposite from the situation here, where the Plaintiff is seeking a stay pending a motion to dismiss counterclaims.

3

test for a stay were simply whether a motion to dismiss has been filed, a stay would be the rule, not the exception, and motions to dismiss would flood the courts as litigants seek to delay adjudication.

It is worth noting that Plaintiff only uses the word "burden" once in the Motion, stating "[i]f this motion to stay is not granted, discovery would burden both parties and the Court." Motion at 8. Such a conclusory statement does not satisfy Rule 26(c)'s good-cause requirement. Fed. R. Civ. P. 26(c)[4]. Nor could a burden be shown because there is overlap not only between Plaintiff's claims and Defendants' counterclaims[5], but also between Plaintiff's claims and Defendants' fifteen affirmative defenses, which Plaintiff has not moved to strike. ECF Nos. 15, 16[6]. Discovery will be required on these issues regardless of the merits of Plaintiff's motion to dismiss.

### C. Plaintiff Makes Spurious Allegations In The Complaint And Defendants Will Be Prejudiced By Any Delay In Adjudication

Plaintiff's argument regarding prejudice to Defendants is a mere conclusion: "Here, a stay of discovery will not prejudice Defendants." Motion at 8. To be clear, Defendants have pled that they continue to be damaged by Plaintiff's allegations, which carry reputational and commercial consequences. The Complaint is laden with extraordinary allegations—counterfeiting, copying, willfulness, maliciousness, actual confusion, bad-faith intent, and

---

[4] Rule 26 also requires "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." No such certification is included in the Motion.

[5] Indeed, the basis for Plaintiff's motion to dismiss the trademark-related counterclaims is that they are allegedly "duplicative" of Plaintiff's claims and Defendants' affirmative defenses. However, Defendants' counterclaims seek cancellation of the trademarks at issue. Even the law relied on by Plaintiff in the motion to dismiss recognizes that an invalidity claim seeking cancellation should not be dismissed because it is not a mere defense. *See Mount v. America's Insured, LLC*, No. 6:22-cv-2051, 2023 WL 4455489, at *5-6 (M.D. Fla. 2023).

[6] Defendants are contemporaneously filing amended pleadings to remove counterclaims challenged by Plaintiff and add an affirmative defense.

4

irreparable harm—pled conclusory and without evidentiary support. ECF No. 1. Defendants have not merely denied these allegations; they have raised affirmative defenses and counterclaims. ECF Nos. 15, 16. Defendants are entitled to discovery to prove these allegations false. A stay would allow Plaintiff to improperly wield stigmatizing accusations while insulating them from scrutiny.

### D. The Requested Stay Undermines Plaintiff's Allegation Of Ongoing And Irreparable Harm And Request For Injunctive Relief

Plaintiff seeks powerful remedies, including injunctive and enhanced relief. For example, Plaintiff repeatedly alleges that Defendants' conduct is causing immediate, ongoing, and irreparable harm, and that such harm will continue absent judicial intervention. *See, e.g.,* ECF No. 1 at ¶¶ 64-65, 71, 77, 82, 87, 92. In fact, Plaintiff specifically requests the Court:

> Enter a preliminary injunction and permanent injunction against Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, enjoining them from their wrongful acts, as requested herein

ECF. No. 1 at 25. In response, Defendants pled, *inter alia*, the affirmative defense of Plaintiff's failure to mitigate. ECF No. 15, 16 (Thirteenth Defense). Now, Plaintiff seeks to halt discovery and stay the case in its entirety. ***Plaintiff cannot have it both ways, and this Court should take judicial notice that there is no ongoing and irreparable harm to Plaintiff, and that Plaintiff has waived injunctive relief***.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff has not met its burden to justify the extraordinary relief of a stay. The motion should be denied.

Dated: February 27, 2026                    Respectfully submitted,

*/s/ Stephen F.W. Ball, Jr.*

Jonathan A. Porter, GA Bar No. 725457
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
202.378.2300 Phone
202.378.2319 Fax
jonathan.porter@huschblackwell.com

Stephen F.W. Ball, Jr.*
**HUSCH BLACKWELL LLP**
One Congress Street, Suite 3102
Boston, MA 02114
617.598.6700 Phone
617.598.6790 Fax
stephen.ball@huschblackwell.com

Jeffer Ali*
**HUSCH BLACKWELL LLP**
80 S. Eighth Street, Suite 4800
Minneapolis, MN 55402
612.852.3610 Phone
612.852.2701 Facsimile
jeffer.ali@huschblackwell.com

*Admitted pro hac vice*

**Counsel for Defendants**

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 27th day of February 2026, I caused the foregoing document to be filed electronically with the Clerk of Court, therefore serving upon all counsel of record.

                                        */s/ Stephen F.W. Ball, Jr.*