**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

WAREHOUSE HOME FURNISHINGS
DISTRIBUTORS, INC.,

     Plaintiff,

       v.

PRIDEFAM BUSINESS VENTURES, LLC
and 2002 MARSHALL ENTERPRISES LLC,

     Defendants.

Case No. 2:25-cv-00144-LGW-BWC

**DEMAND FOR JURY TRIAL**

**DEFENDANT'S FIRST AMENDED ANSWER
TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant 2002 Marshall Enterprises LLC ("2002 Marshall" or Defendant"), by and through undersigned counsel, hereby responds to the allegations of Plaintiff Warehouse Home Furnishings Distributors, Inc., d/b/a Farmers Home Furniture ("Farmers" or "Plaintiff") Complaint, ECF No. 1 ("Complaint"), and asserts the following answers, defenses and counterclaims. The numbered paragraphs below restate the allegations in the Complaint for reference. To the extent not specifically admitted or qualified, all remaining allegations of the Complaint are denied.

**NATURE OF THE ACTION**

1.     This action arises, *inter alia,* under the Trademark Act of 1946 (the **"Lanham Act"),** 15 U.S.C. § 1051 *et seq.,* the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq*., the Georgia Statute Prohibiting Use of Similar Trademarks and Unfair Competition, O.C.G.A. § 23-2-55, and the common laws of the State of Georgia.

1

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

2.      Farmers Home Furniture's claims are based, *inter alia*, on Defendants' misuse and infringement of Farmers Home Furniture's registered trademarks, and the likelihood of confusion among consumers resulting from Defendants' infringement of Farmers Home Furniture's trademarks. Defendants' conduct is more than willful infringement; it is also trademark counterfeiting, a deceptive trade practice, and unfair competition.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

## PARTIES

3.      Farmers Home Furniture is a Georgia corporation with its principal place of business at 1851 Telfair Street, Dublin, Georgia, 31021.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

4.      On information and belief, Pridefam Business Ventures LLC is a Georgia limited liability company with its principal place of business at 3406 North Valdosta Road, Valdosta, Georgia, 31602.

**ANSWER:** Admitted that Pridefam Business Ventures LLC is a Georgia limited liability company with a place of business at 3406 N. Valdosta Road, Valdosta, Georgia 31602.

5.      On information and belief, 2002 Marshall Enterprises LLC is a Georgia limited liability company with its principal place of business at 106 E. Parker St, Suite 6, Baxley, Georgia, 31513.

**ANSWER:** Admitted that 2002 Marshall Enterprises LLC is a Georgia limited liability company with a registered agent at 3406 N Valdosta Rd, Valdosta, GA, 31602.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the state law claims asserted in this action under 28 U.S.C. §§ 1338 and 1367.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

7.      Defendants' actions complained of in this Complaint have been and continue to be committed within the Southern District of Georgia judicial district.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

8.      This Court has personal jurisdiction over Pridefam because Pridefam has a principal place of business in Valdosta, Georgia.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

9.      This Court has personal jurisdiction over Pridefam because it distributes, promotes, and sells furniture in its retail stores located in Georgia and promotes its retail furniture stores via social media and a website directed at customers in Georgia.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

10.     This Court has personal jurisdiction over 2002 Marshall because 2002 Marshall has a principal place of business in Baxley, Georgia.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

11.    This Court has personal jurisdiction over 2002 Marshall because it distributes, promotes, and sells furniture in its retail store located in this judicial district and promotes its retail furniture store via social media and a website directed at customers in this judicial district.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

12.    Upon information and belief, Defendants own, use, or possess real property situated within this state, including real property relevant to the factual allegations in this Complaint.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

## [Alleged] FACTS COMMON TO ALL COUNTS OF RELIEF

### *[Alleged] Farmers Home Furniture Trademarks*

14.    Founded in 1949, Farmers Home Furniture is a nationally recognized furniture retailer known for its high-quality furniture and superior customer service.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

15.    Farmers Home Furniture has over 260 locations throughout the Southeastern United States, including 100 locations in Georgia. Farmers Home Furniture is one of the largest privately-owned companies in Georgia.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

16.    Farmers Home Furniture tailors its furniture inventory in each store to the local community's needs and design preferences. The brand's commitment to quality furniture and alignment with community design preferences has earned it a loyal following among customers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

17.    Farmers Home Furniture annually invests millions of dollars in advertising and promoting its retail furniture store services in printed materials, in online advertisements, on its website, and on social media platforms like Facebook, Instagram, Pinterest, and YouTube, boasting thousands of followers of its branded identity and content.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

18.    Farmers Home Furniture offers its retail furniture store services under many trademarks. The trademarks at issue in this matter are shown in the chart below:

| TRADEMARK | REGISTRATION NO. | SERVICES |
|---|---|---|
| YOUR HOMETOWN STORE® | 2343623 | **Class 35**: Retail furniture store services |
| YOUR HOME TOWN STORE® | 2341415 | **Class 35**: Retail furniture store services |
| THE HOMETOWN STORE YOU CAN TRUST® | 2483309 | **Class 35**: Retail furniture store services |

**ANSWER:** Admitted that Plaintiff alleges ownership of registrations identified in this paragraph; otherwise, denied.

19.    The foregoing trademarks are referred to herein as the "**Hometown Marks**." True and correct copies of each registration for the Hometown Marks are set forth in **Exhibit A**.

**ANSWER:** Admitted that Plaintiff alleges ownership of registrations identified in this paragraph; otherwise, denied.

20.    Farmers Home Furniture has continuously used its YOUR HOMETOWN STORE® Mark in connection with its retail furniture store services since 1998.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

21.    Farmers Home Furniture has continuously used its YOUR HOME TOWN STORE® Mark in connection with its retail furniture store services since 1998.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

22.    Farmers Home Furniture has continuously used its THE HOMETOWN STORE YOU CAN TRUST® Mark in connection with its retail furniture store services since 2001.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

23.    All of the Hometown Marks are incontestable under 15 U.S.C. § 1065.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

24.    Farmers Home Furniture has invested a significant amount of time, money, and other resources in nurturing and adding to the goodwill associated with the Hometown Marks. Through Farmers Home Furniture's advertising, promotion, and sales, the Hometown Marks have achieved widespread acceptance and recognition among the consuming public and trade. As a result, Farmers Home Furniture has developed and acquired valid and subsisting trademark rights and valuable goodwill in its Hometown Marks.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

25.    Not only has Farmers Home Furniture protected the Hometown Marks by registering them, but it has also taken reasonable efforts to monitor and protect the Hometown Marks against improper use.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

### *[Alleged] Defendants' Infringing Activities*

26.    Defendants operate retail furniture stores throughout the Southeastern United States under the name "**Hometown Furniture**."

**ANSWER:** Plaintiff is referred to Defendant's responses to paragraphs 29 and 29; otherwise denied.

27.    Upon information and belief, Defendants started operating stores under the Hometown Furniture name as early as October 2024.

**ANSWER:** Admitted that stores have been operated under the Hometown Furniture name since the end of 2024; otherwise denied.

28.    Upon information and belief, Pridefam operates four retail furniture stores under the name Hometown Furniture at the following locations:

  a.    **Hometown Furniture Valdosta**: 3406 N. Valdosta Road, Valdosta, Georgia 31602;

  b.    **Hometown Furniture Douglas**: 700 N. Peterson Ave., Douglas, Georgia 31533;

  c.    **Hometown Furniture Glennville**: 908 N. Veterans Blvd., Glennville, Georgia 30427;

  d.    **Hometown Furniture Quitman**: 1315 W. Screven St.,

Quitman, Georgia 31643.

**ANSWER:** Admitted that Pridefam operates the Valdosta, Douglas, Quitman, and Baxley locations; otherwise, denied.

29.    Upon information and belief, 2002 Marshall operates a retail furniture store under the name **Hometown Furniture Baxley** located at 106 E. Parker St., Unit 6, Baxley, Georgia 31513.

**ANSWER:** Denied.

30.    Defendants offer retail furniture store services under their Hometown Furniture name and advertise their services as community-centered and locally-focused.    *See* https://valdosta.hometownfurniturestores.com/pages/about-us  (last visited November 11, 2025).

**ANSWER:** Admitted that the website states: "At Hometown Furniture, we're more than just a store – we're a part of your community. Locally owned and operated, we take pride in serving our neighbors with personalized care and exceptional service" and its content speaks for itself; otherwise, denied.

31.    Through its websites, Defendants advertise their competing retail furniture store services. Several excerpts of the home pages of Defendants' websites are shown below:

**Hometown Furniture Valdosta**

(*See* https://valdosta.hometownfurniturestores.com/ (last visited November 11, 2025)).



**Hometown Furniture Glennville**

(*See* https://glennville.hometownfurniturestores.com/ (last visited November 11, 2025)).



**Hometown Furniture Douglas**

(*See* https://douglas.hometownfurniturestores.com/ (last visited November 11, 2025)).



**Hometown Furniture Baxley**

(*See* https://baxley.hometownfurniturestores.com/ (last visited November 11, 2025)).



**ANSWER:** Admitted that the website advertises furniture and its content speaks for itself; otherwise, denied.

32.    Defendants' use of the Hometown Furniture name infringes Farmers Home Furniture's rights in its YOUR HOMETOWN STORE and YOUR HOME TOWN STORE marks because Defendants' name is confusingly similar to Farmers Home Furniture's marks.

**ANSWER:** Denied.

33.     Specifically, Defendants' Hometown Furniture name and the YOUR HOMETOWN STORE and YOUR HOME TOWN STORE marks share the same dominant term—HOMETOWN—and Defendants' name and the YOUR HOMETOWN STORE and YOUR HOME TOWN STORE marks end with generic terms for the associated services (STORE and FURNITURE).

**ANSWER:** Denied.

34.     Defendants use the Hometown Furniture name to offer identical retail furniture store services as Farmers Home Furniture offers under its YOUR HOMETOWN STORE and YOUR HOME TOWN STORE marks.

**ANSWER:** Denied.

35.     Defendants also use Farmers Home Furniture's YOUR HOMETOWN STORE mark on their main webpage to advertise their retail furniture store services and to direct customers to the specific locations of their retail furniture stores. Excerpts of the home page of Defendants' main website are shown below:





(*See* https://hometownfurniturestores.com/ (last visited November 11, 2025)).

**ANSWER:** Admitted that the website advertises furniture and its content speaks for itself; otherwise, denied.

36.     As further example, Defendants use "Your Hometown Furniture" as the title tag for their main website. An excerpt of the home page of Defendants' website is shown below:



(*See* https://hometownfurniturestores.com/ (last visited November 11, 2025)).

**ANSWER:** Admitted that the website advertises furniture and its content speaks for itself; otherwise, denied.

37.     Defendants' title tag is confusingly similar to Farmers Home Furniture's YOUR HOMETOWN STORE and YOUR HOME TOWN STORE marks.

**ANSWER:** Denied.

38.     Defendants also use the tagline "Furniture You Love, A Hometown You Trust" to advertise its retail furniture store services. An excerpt of the home page of Defendants' website is shown below:



(*See* https://hometownfurniturestores.com/ (last visited November 11, 2025)).

**ANSWER:** Admitted that the website advertises furniture and its content speaks for itself; otherwise, denied.

39.    Defendants' tagline "Furniture You Love, A Hometown You Trust" infringes on Farmers Home Furniture's rights in its THE HOMETOWN STORE YOU CAN TRUST mark because the tagline is confusingly similar to Farmers Home Furniture's mark.

**ANSWER:** Denied.

40.    Specifically, Defendants' "Furniture You Love, A Hometown You Trust" tagline and Farmers Home Furniture's THE HOMETOWN STORE YOU CAN TRUST mark both share the same dominant phrase (HOMETOWN YOU TRUST v. HOMETOWN STORE YOU CAN TRUST) and both present the same commercial impression.

**ANSWER:** Denied.

41.    Defendants use the "Furniture You Love, A Hometown You Trust" tagline to advertise identical retail furniture store services as Farmers Home Furniture offers under its THE HOMETOWN STORE YOU CAN TRUST mark.

**ANSWER:** Denied.

42.    Defendants actively offer retail furniture store services in the same general geographic areas where Farmers Home Furniture has operated for many years.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

43.    In fact, Defendants' Hometown Furniture stores are located in close proximity to several of Farmers Home Furniture's stores, and in some instances the stores are located on the same road. The chart below shows the mileage between the relevant stores.

| Hometown Furniture Stores | Farmers Home Furniture Stores | Distance in Miles |
|---|---|---|

| Hometown Furniture Valdosta<br><br>3406 N. Valdosta Road, Valdosta, Georgia 31602 | Farmers Home Furniture<br><br>3135 N. Ashley St.<br>Valdosta, Georgia 31602 | ~ 3 miles |
|---|---|---|
| Hometown Furniture Douglas<br><br>700 N. Peterson Ave., Douglas, Georgia 31533 | Farmers Home Furniture<br><br>805 S. Peterson Ave.<br>Douglas, Georgia 31533 | ~ 1 mile |
| Hometown Furniture Glennville<br><br>908 N. Veterans Blvd., Glennville, Georgia 30427 | Farmers Home Furniture<br><br>726 N. Veterans Blvd.<br>Glennville, Georgia 30427 | ~ 0.5 mile |
| Hometown Furniture Quitman<br><br>1315 W. Screven St., Quitman, Georgia 31643 | Farmers Home Furniture<br><br>3135 N. Ashley St.<br>Valdosta, Georgia 31602 | ~ 21 miles |
| Hometown Furniture Baxley<br><br>106 E. Parker St., Unit 6, Baxley, Georgia 31513 | Farmers Home Furniture<br><br>78 Blackshear Hwy<br>Baxley, Georgia 31513 | ~ 1 mile |

**ANSWER:** Admitted that the chart appears to show purported distances between stores and its content speaks for itself; otherwise, denied.

44.    Defendants' retail furniture store services offered under the Hometown Furniture name and the "Furniture You Love, A Hometown You Trust" tagline are competitive to those provided by Farmers Home Furniture under the Hometown Marks.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same

45.    Defendants actively seek and solicit the same types of consumers in the same geographical areas that would do business with Farmers Home Furniture.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

46.     Through their use of the Hometown Furniture name, the YOUR HOMETOWN STORE mark, and the "Furniture You Love, A Hometown You Trust" tagline, Defendants are benefitting from the significant investment and goodwill Farmers Home Furniture has in its services and trademarks' reputation and quality, causing confusion and damage to Farmers Home Furniture in the process.

**ANSWER:** Denied.

47.     On April 30, 2025, Farmers Home Furniture sent demand letters to Pridefam and several Hometown Furniture stores notifying them of their ongoing infringement and demanding Defendants cease and desist using the Hometown Furniture name or any mark confusingly similar to the Hometown Marks.

**ANSWER:** Admitted that Plaintiff sent correspondence dated on or about April 30, 2025 and its content speaks for itself; otherwise, denied.

48.     Despite being put on notice that their infringement is causing irreparable harm to Farmers Home Furniture and the goodwill associated with the Hometown Marks, Defendants have ignored Farmers Home Furniture's concerns and continue to use the Hometown Furniture name and other marks confusingly similar to the Hometown Marks.

**ANSWER:** Denied.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### (15 U.S.C. § 1114)

49.     Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

50.     The USPTO has granted Farmers Home Furniture a federal trademark registration for the YOUR HOMETOWN STORE® trademark under Reg. No. 2343623 as set out in Exhibit A hereto for retail furniture store services.

**ANSWER:** Admitted that Exhibit A purports to show U.S. Reg. No. 2343623 and its content speaks for itself; otherwise, denied.

51.     Farmers Home Furniture has used the YOUR HOMETOWN STORE® mark continuously in commerce for retail furniture store services since 1998.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

52.     The YOUR HOMETOWN STORE® mark is incontestable under 15 U.S.C. § 1065.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

53.     The USPTO has granted Farmers Home Furniture a federal trademark registration for the YOUR HOME TOWN STORE® trademark under Reg. No. 2341415 as set out in Exhibit A hereto for retail furniture store services.

**ANSWER:** Admitted that Exhibit A purports to show U.S. Reg. No. 2341415 and its content speaks for itself; otherwise, denied.

54.     Farmers Home Furniture has used the YOUR HOME TOWN STORE® mark continuously in commerce for retail furniture store services since 1998.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

55.     The YOUR HOME TOWN STORE® mark is incontestable under 15 U.S.C. § 1065.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

56.     The USPTO has granted Farmers Home Furniture a federal trademark registration for the THE HOMETOWN STORE YOU CAN TRUST® trademark under Reg. No. 2483309 as set out in Exhibit A hereto for retail furniture store services.

**ANSWER:** Admitted that Exhibit A purports to show U.S. Reg. No. 2483309 and its content speaks for itself; otherwise, denied.

57.     Farmers Home Furniture has used the THE HOMETOWN STORE YOU CAN TRUST® mark continuously in commerce for retail furniture store services since 2001.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

58.     The THE HOMETOWN STORE YOU CAN TRUST® mark is incontestable under 15 U.S.C. § 1065.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

59.     Farmers Home Furniture has priority in its federally registered Hometown Marks.

**ANSWER:** Denied.

60.     Defendants had knowledge of Farmers Home Furniture's ownership of and rights in the Hometown Marks prior to Defendants' adoption, use and display of their infringing and confusingly similar marks for identical retail furniture store services.

**ANSWER:** Denied.

17

61.     Defendants' unauthorized use of marks confusingly similar to the Hometown Marks and unauthorized sales and promotion of identical retail furniture store services to unsuspecting consumers is a violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Denied.

62.     Defendants' sale and continued sale and provision of unauthorized services under their infringing marks has created a substantial likelihood of confusion and has likely caused, or will likely cause, mistake and deception in consumers' minds.

**ANSWER:** Denied.

63.     Defendants' unauthorized use of the Hometown Furniture name, the "Furniture You Love, A Hometown You Trust" tagline, and the Hometown Marks in connection with retail furniture store services constitutes use in commerce, without the consent of Farmers Home Furniture, of a reproduction, counterfeit, copy, or colorable imitation of Farmers Home Furniture's registered trademarks in connection with the advertisement, promotion, sale, and distribution of closely related services. Such use is likely to cause, or has caused, confusion or mistake, or to deceive customers, and therefore infringes Farmers Home Furniture's registered trademarks, in violation of 15 U.S.C. § 1114.

**ANSWER:** Denied.

64.     As a result of Defendants' infringement, Farmers Home Furniture has suffered and will continue to suffer irreparable harm to the goodwill and reputation associated with the Hometown Marks and its quality retail furniture store services.

**ANSWER:** Denied.

65.     Farmers Home Furniture has no adequate remedy at law for the above immediate and continuing harm. Farmers Home Furniture has been, and absent injunctive relief will continue

to be, irreparably harmed by Defendants' actions. Hence, Farmers Home Furniture is entitled to a preliminary and permanent injunction, prohibiting Defendants from using Farmers Home Furniture's registered trademarks, Hometown Marks, or any mark confusingly similar thereto, in connection with Defendants' furniture business, pursuant to 15 U.S.C. § 1116.

**ANSWER:** Denied.

66.    Defendants' conduct in infringing Farmers Home Furniture's registered trademarks is, as explained herein, deliberate, intentional, malicious, and in bad faith. Defendants should be ordered to account for and disgorge their profits from their infringement, in an amount to be determined at trial. Further, given Defendants' deception and bad faith, this case should be deemed exceptional and Farmers Home Furniture should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

**ANSWER:** Denied.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a)(1)(A))**

67.    Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

68.    Defendants' use of the Hometown Furniture name, the "Furniture You Love, A Hometown You Trust" tagline, and the Hometown Marks in the manner alleged herein constitutes a false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which is likely to cause, and has caused, confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of Defendants' retail furniture store services with respect to Farmers Home Furniture.

**ANSWER:** Denied.

69.     The purchasing public is likely to attribute to Farmers Home Furniture, Defendants'
use of the Hometown Marks and marks confusingly similar to the Hometown Marks as a source
of origin, authorization, and/or sponsorship for the services Defendants sell and, further, purchase
services from Defendants in the erroneous belief that Defendants are authorized by, associated
with, sponsored by, or affiliated with Farmers Home Furniture.

**ANSWER:** Denied.

70.     Defendants' actions have been conducted intentionally and willfully, with the
express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to
trade upon the high-quality reputation of Farmers Home Furniture, and to improperly appropriate
to itself the valuable trademark rights of the Hometown Marks.

**ANSWER:** Denied.

71.     As a result of Defendants' misconduct, Farmers Home Furniture has suffered and
will continue to suffer irreparable harm to the goodwill and reputation associated with the
Hometown Marks and quality retail furniture store services. Farmers Home Furniture has no
adequate remedy at law for the above immediate and continuing harm. Farmers Home Furniture
has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants'
actions. Hence, Farmers Home Furniture is entitled to a preliminary and permanent injunction,
prohibiting Defendants' from using the Hometown Marks or any mark confusingly similar thereto,
in connection with Defendants' business, pursuant to 15 U.S.C. § 1116.

**ANSWER:** Denied.

72.     Defendants' misconduct, as explained herein, is deliberate, intentional, malicious,
and in bad faith. Defendants should be ordered to account for and disgorge their profits from their

misconduct, in an amount to be determined at trial. Further, given Defendants' deception and bad faith, this case should be deemed exceptional and Farmers Home Furniture should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

**ANSWER:** Denied.

<u>**COUNT III**</u>
**VIOLATION OF GEORGIA DECEPTIVE TRADE PRACTICES ACT**
**(O.C.G.A. § 10-1-370)**

73.    Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

74.    Defendants' Hometown Furniture name, "Furniture You Love, A Hometown You Trust" tagline, and use of the Hometown Marks as alleged herein are likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of Defendants' retail furniture store services with respect to the Hometown Marks. Defendants' actions alleged herein constitute unfair and deceptive trade practices in violation of Georgia law, including the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, et seq.

**ANSWER:** Denied.

75.    By reason of Defendants' actions, Farmers Home Furniture has suffered, and will suffer, damage to its business reputation and to the goodwill associated with the Hometown Marks and associated quality retail furniture store services.

**ANSWER:** Denied.

76.     Defendants' wrongful actions, as explained herein, are willful, intentional, malicious, and in bad faith. Given Defendants' deception and bad faith, Farmers Home Furniture should be awarded its attorneys' fees under O.C.G.A. § 10-1-373(b).

**ANSWER:** Denied.

77.     Further, Farmers Home Furniture has no adequate remedy at law for the above immediate and continuing harm. Farmers Home Furniture has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions. Hence, Farmers Home Furniture is entitled to a preliminary and permanent injunction under O.C.G.A. § 10-1-373(a), prohibiting Defendants from continuing their use of the Hometown Furniture name, the "Furniture You Love, A Hometown You Trust" tagline, and the Hometown Marks in Georgia in violation of the Georgia Deceptive Trade Practices Act.

**ANSWER:** Denied.

**COUNT IV**
**TRADEMARK FRAUD**
**(O.C.G.A. § 23-2-55)**

78.     Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

79.     Defendants had actual knowledge of Farmers Home Furniture's ownership of and rights in one or more of the Hometown Marks in Georgia prior to Defendants' adoption and use of the Hometown Furniture name, the "Furniture You Love, A Hometown You Trust" tagline, and the Hometown Marks in Georgia.

**ANSWER:** Denied.

80.     Defendants' wrongful actions and misleading and deceptive trade practices complained of herein constitute an attempt to encroach upon the business of Farmers Home Furniture by the use of similar trademarks, names, or devices, with the intention of deceiving and misleading the public, in violation of O.C.G.A. § 23-2-55.

**ANSWER:** Denied.

81.     Defendants' wrongful actions, as explained herein, are deliberate, intentional, malicious, and in bad faith. Farmers Home Furniture is entitled to recovery of any and all damages sustained on account of Defendants' conduct, in an amount to be determined at trial.

**ANSWER:** Denied.

82.     Farmers Home Furniture has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions. Hence, Farmers Home Furniture is entitled to a preliminary and permanent injunction under O.C.G.A. § 23-2-55, prohibiting Defendants from continuing their violation of such statute to Farmers Home Furniture's detriment.

**ANSWER:** Denied.

<u>**COUNT V**</u>
**COMMON LAW UNFAIR COMPETITION**

83.     Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

84.     Defendants' actions have caused, and are likely to continue to cause, confusion among potential and existing customers of Farmers Home Furniture's retail furniture store services as to whether the Hometown Furniture name, "Furniture You Love, A Hometown You Trust" tagline, and use of the Hometown Marks and associated unauthorized retail furniture store services offered by Defendants are affiliated with Farmers Home Furniture.

**ANSWER:** Denied.

85.     These and other of Defendants' misconduct complained of herein constitute unfair competition under the common law of Georgia.

**ANSWER:** Denied.

86.     Defendants' wrongful actions, as explained herein, are deliberate, intentional, malicious, and in bad faith. Defendants should be ordered to account for and disgorge their profits from their misconduct, in an amount to be determined at trial. Further, given Defendants' deception and bad faith, Farmers Home Furniture should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees under applicable Georgia law.

**ANSWER:** Denied.

87.     Farmers Home Furniture has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions. Hence, Farmers Home Furniture is entitled to a preliminary and permanent injunction under Georgia law, prohibiting Defendants' from continuing their misconduct to Farmers Home Furniture's detriment.

**ANSWER:** Denied.

<u>**COUNT VI**</u>
**COMMON LAW TRADEMARK INFRINGEMENT**

88.     Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

89.     As alleged more fully herein, Defendants are using the Hometown Furniture name, the "Furniture You Love, A Hometown You Trust" tagline, and the Hometown Marks without license or permission from Farmers Home Furniture and despite Farmers Home Furniture having priority in one or more of the Hometown Marks.

**ANSWER:** Denied.

90.    Defendants' unauthorized use of the Hometown Furniture name, "Furniture You Love, A Hometown You Trust" tagline, and the Hometown Marks and unauthorized sales and promotion of associated retail furniture store services to unsuspecting consumers is an infringement of Farmers Home Furniture's Georgia common law trademark rights.

**ANSWER:** Denied.

91.    Defendants' actions have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds.

**ANSWER:** Denied.

92.    Farmers Home Furniture has no adequate remedy at law for the above immediate and continuing harm. Farmers Home Furniture has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions. Hence, Farmers Home Furniture is entitled to a preliminary and permanent injunction, prohibiting Defendants from using the Hometown Marks, or any mark confusingly similar thereto, in connection with its business, pursuant to Georgia common law.

**ANSWER:** Denied.

93.    Defendants' conduct in infringing the Hometown Marks is, as explained herein, deliberate, intentional, malicious, and in bad faith. Defendants should be ordered to account for and disgorge their profits from their infringement, in an amount to be determined at trial. Further, given Defendants' deception and bad faith, Farmers Home Furniture should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees pursuant to Georgia common law.

**ANSWER:** Denied.

## COUNT VII
## ATTORNEYS' FEES
## (O.C.G.A. § 13-6-11)

94.     Farmers Home Furniture incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Defendant incorporates its responses above as if set forth fully herein.

95.     Based on all of the allegations set forth in this Complaint and as will be shown at trial, despite Farmers Home Farmers' good faith attempts to resolve Defendants' infringement amicably, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Farmers Home Furniture unnecessary trouble and expense. Accordingly, Farmers Home Furniture is entitled to recover all reasonable attorneys' fees and costs of litigation incurred in the prosecution of this Complaint, pursuant to O.C.G.A. § 13-6-11.

**ANSWER:** Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant specifically alleges and asserts the following defenses in response to the allegations set forth in the Complaint. The inclusion of these defenses in this Answer is not a concession that Defendant bears the burden of proof with respect to any of them. The case is in its early stages and additional information may be discovered relevant to the matters and issues raised herein. Accordingly, Defendant reserves the right to supplement, modify, and/or amend its defenses, and take further or amended positions as discovery proceeds.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (No Likelihood of Confusion)

There is no likelihood of confusion as to source, sponsorship, or affiliation with Plaintiff.

The parties' marks differ, *inter alia*, in appearance, sound, meaning, and commercial impression; the term "Hometown" is weak and descriptive or generic; and the relevant consumers are not likely to associate Defendant with Plaintiff.

## THIRD DEFENSE
### (No Actual Confusion)

No instances of actual confusion by consumers, vendors, or others in the marketplace have been alleged by Plaintiff.

## FOURTH DEFENSE
### (Genericness/Descriptiveness/Weakness of "HOMETOWN")

Plaintiff's asserted marks are weak and entitled to a narrow scope of protection, if any, because the term "Hometown" is descriptive or generic as used in connection with retail furniture store services. It is widely used by multiple third parties. Following is a non-exhaustive list of examples:

- AMERICAN HOMETOWN FURNITURE for, *inter alia*, "retail store services featuring furniture" (SN 99229942)

- AMERICAN HOMETOWN FURNITURE MANUFACTURING for, *inter alia*, "retail store services featuring furniture" (SN 99229933)

- HOMETOWN COMFORTS COLLECTION for "upholstered furniture" (RN 4771792)

- HOMETOWN COMFORTS COLLECTION for "mattresses and futons" (RN 2888553)

- HOMETOWN MARKET for, *inter alia*, "fitted furniture covers" (RN 5703355)

- HOMETOWN SPIRIT for, *inter alia*, "patio furniture" (SN 97291759)

- HOMETOWN FURNITURE for, *inter alia*, "furniture" (RN AL 134462)

- HOMETOWN GIFTS, DECOR & MORE for "retail trade" (RN NH 777725)

- HOMETOWN WOODWORKING for, *inter alia*, "furniture" (RN ND 41145700)

- YOUR HOMETOWN HOME CENTER for "retail store services in the field of . . . home . . . products" (RN 2195467)

- https://myhometownfurnishings.com/c/living-room-sets

- https://www.facebook.com/p/Hometown-Furniture-Sales-61574520912425/

- https://www.hometownfm.com/

- https://www.hometown-comfortstation.com/?srsltid=AfmBOoo1pIhoCwrJr2Im7YD3OxujiGb3QtiABoPdCLzs2MgNnV6ErjJa

- https://mihometownfurnishings.com/?srsltid=AfmBOorUj2t_Cm__8OMVdFREHMiJUUiuMKYJ8vpUQdwVnWoADA4oWJjq

- https://www.hometownfurnituresulphur.com/

- https://www.hometownrefurnishing.com/

- https://hometownfurniture.biz/

- https://www.norfolkhometown.com/

- http://hometown-furniture.net/

- https://www.hometownfurnishingcompany.com/

- https://eatonhometownefurniture.com/

- https://www.hometownsaleslease.com/

This widespread third-party usage demonstrates that "Hometown" is a weak formative entitled to a narrow scope of protection, if any.

### FIFTH DEFENSE
**(Descriptive/Fair Use)**

Defendant uses the term "Hometown" descriptively and in good faith. Any such use is separate, original, and independent from Plaintiff. To the extent any resemblance exists, it is purely coincidental and non-infringing.

### SIXTH DEFENSE
**(No Counterfeiting)**

Defendant has not used any spurious mark that is identical with, or substantially indistinguishable from, any valid registered mark of Plaintiff; therefore, claims sounding in counterfeiting are baseless and improper.

### SEVENTH DEFENSE
**(Unclean Hands)**

Plaintiff's claims are barred due to unclean hands, including misusing its trademarks by alleging infringement and/or counterfeiting without factual and/or legal basis in an effort to harass Defendant, seeking to restrain lawful competition, and attempting to improperly extend the scope of trademark rights.

### EIGHTH DEFENSE
**(Acquiescence, Estoppel, Laches, and Waiver)**

Plaintiff's claims are barred, in whole or in part, by acquiescence, estoppel, laches, and/or waiver.

### NINTH DEFENSE
**(Good-Faith Adoption)**

Defendant adopted and uses "Hometown" in good faith and without intent to trade on Plaintiff's alleged goodwill.

### TENTH DEFENSE
**(No Willfulness; No Exceptional Case)**

Defendant has not acted willfully, maliciously, or in bad faith; this is not an "exceptional"

case for Plaintiff's claims.

### ELEVENTH DEFENSE
**(First Amendment/Commercial Speech)**

Plaintiff's claims are barred to the extent they would impermissibly restrict truthful, non-misleading commercial speech. Plaintiff's requested relief constitutes an impermissible restraint on descriptive commercial speech.

### TWELFTH DEFENSE
**(Lack of Irreparable Harm; Adequate Remedy at Law)**

Plaintiff cannot demonstrate irreparable harm and has adequate remedies at law; injunctive relief is unwarranted.

### THIRTEENTH DEFENSE
**(No Damages; Failure to Mitigate)**

Plaintiff has suffered no cognizable damages attributable to Defendant and/or has failed to mitigate any alleged damages.

### FOURTEENTH DEFENSE
**(Third-Party Use and Crowded Field)**

Extensive third-party use of "Hometown" for furniture and related goods/services (*see* above) limits any scope of exclusivity and negates a likelihood of confusion.

### FIFTEENTH DEFENSE
**(Lack of Standing)**

Plaintiff lacks standing to assert a "family of marks" theory because it has not used its marks in a manner consistent or continuous enough to create such a family.

### SIXTEENTH DEFENSE
**(Trademark Misuse)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has attempted to enforce its asserted trademarks in bad faith and beyond any lawful scope of protection. Plaintiff seeks to

monopolize the descriptive and commonly used term "Hometown" in connection with retail furniture store services, despite widespread third-party use, the descriptive or generic nature of the term, and the limited scope of any protectable rights Plaintiff may possess. Plaintiff has asserted claims—including allegations of trademark counterfeiting—without a reasonable factual or legal basis, and with knowledge that Defendants have not used any mark that is identical or substantially indistinguishable from any valid registered mark. Plaintiff's overreaching enforcement efforts constitute improper trademark enforcement and preclude Plaintiff from obtaining relief, including relief predicated on alleged willfulness or exceptional-case status.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses, counterclaims, or amendments as discovery proceeds.

## PRAYER FOR RELIEF

Defendant respectfully requests that the Court: a) Dismiss the Complaint with prejudice; b) Enter judgement in favor of Defendant on all counts; c) Deny all relief requested by Plaintiff, including both injunctive and monetary; and d) Award Defendant its costs and expenses and such further relief as the Court deems just and proper or otherwise provided by law.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff 2002 Marshall Enterprises LLC ("Counterclaim-Plaintiff"), for its counterclaims against Plaintiff/Counterclaim-Defendant Warehouse Home Furnishings Distributors, Inc., d/b/a Farmers Home Furniture ("Counterclaim-Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Counterclaim-Plaintiff is a Georgia limited liability company with a registered agent at 3406 N Valdosta Rd, Valdosta, GA.

2.    Counterclaim-Defendant is a Georgia corporation with a place of business at 1851 Telfair Street, Dublin, Georgia 31021.

3.    This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    This Court has personal jurisdiction over Counterclaim-Defendant because it is the Plaintiff in this action and thus consented to jurisdiction in this District such that this Court's exercise of personal jurisdiction complies with due process requirements.

5.    Venue is proper pursuant to 28 U.S.C. § 1391.

6.    An actual case or controversy exists by way of Counterclaim-Defendant's allegations concerning violation of its purported trademark rights.

## FACTUAL ALLEGATIONS

7.    Counterclaim-Defendant purports to assert rights in three marks: YOUR HOMETOWN STORE (Reg. No. 2343623), YOUR HOME TOWN STORE (Reg. No. 2341415), and THE HOMETOWN STORE YOU CAN TRUST (Reg. No. 2483309) for retail furniture store services (collectively, the "Asserted Marks").

8.    Counterclaim-Defendant contends the Asserted Marks are incontestable and that Counterclaim-Plaintiff's use of "Hometown Furniture" and related phrases infringes, causes confusion, and constitutes counterfeiting and unfair competition.

9.    Counterclaim-Plaintiff denies alleged infringement, validity, and enforceability of the Asserted Marks at least because the term "Hometown" is widely used by third parties in

connection with furniture and related retail services, limiting or nullifying the scope of any rights asserted by Counterclaim-Defendant.

10.    The term "Hometown" is descriptive or generic as used in connection with retail furniture store services. It is widely used by multiple third parties. Following is a non-exhaustive list of examples:

- AMERICAN HOMETOWN FURNITURE for, *inter alia*, "retail store services featuring furniture" (SN 99229942)

- AMERICAN HOMETOWN FURNITURE MANUFACTURING for, *inter alia*, "retail store services featuring furniture" (SN 99229933)

- HOMETOWN COMFORTS COLLECTION for "upholstered furniture" (RN 4771792)

- HOMETOWN COMFORTS COLLECTION for "mattresses and futons" (RN 2888553)

- HOMETOWN MARKET for, *inter alia*, "fitted furniture covers" (RN 5703355)

- HOMETOWN SPIRIT for, *inter alia*, "patio furniture" (SN 97291759)

- HOMETOWN FURNITURE for, *inter alia*, "furniture" (RN AL 134462)

- HOMETOWN GIFTS, DECOR & MORE for "retail trade" (RN NH 777725)

- HOMETOWN WOODWORKING for, *inter alia*, "furniture" (RN ND 41145700)

- YOUR HOMETOWN HOME CENTER for "retail store services in the field of . . . home . . . products" (RN 2195467)

- https://myhometownfurnishings.com/c/living-room-sets

- https://www.facebook.com/p/Hometown-Furniture-Sales-61574520912425/

- https://www.hometownfm.com/

- https://www.hometown-comfortstation.com/?srsltid=AfmBOoo1pIhoCwrJr2Im7YD3OxujiGb3QtiABoPdCLzs2MgNnV6ErjJa

- https://mihometownfurnishings.com/?srsltid=AfmBOorUj2t_Cm__8OMVdFREHMiJUUiuMKYJ8vpUQdwVnWoADA4oWJjq

- https://www.hometownfurnituresulphur.com/

- https://www.hometownrefurnishing.com/

- https://hometownfurniture.biz/

- https://www.norfolkhometown.com/

- http://hometown-furniture.net/

- https://www.hometownfurnishingcompany.com/

- https://eatonhometownefurniture.com/

- https://www.hometownsaleslease.com/

This widespread third-party usage demonstrates that "Hometown" is descriptive or generic and the Asserted Marks should be afforded very limited protection, if any.

11.    Counterclaim-Defendant has been aware of third-party uses of "Hometown" in connection with retail furniture store services, including at least some of those listed above. However, Counterclaim-Defendant has not asserted its alleged trademark rights against such uses, thus at least implicitly acknowledging the descriptiveness of the Asserted Marks as well as genericness of "Hometown" in connection with retail services.

12.    Alternatively, or in addition, to the extent Counterclaim-Defendant has not monitored and been policing the use by third parties, including the use of the term "Hometown" in connection with retail furniture store services, then Counterclaim-Defendant has waived or is

estopped from asserting any alleged rights in the Asserted Marks.

13.     Despite claiming ongoing and irreparable harm, damages, and injunctive relief, Counterclaim-Defendant promptly sought to stay these proceedings. This further evidences Counterclaim-Defendant's abuse of process to delay and restrict Counterclaim-Plaintiff's ability to litigate the spurious allegations made in the Complaint.

14.     As such, an actual, immediate, and justiciable controversy exists between the parties regarding the alleged infringement of, validity of, scope of, and enforceability of the Asserted Marks, whether Counterclaim-Plaintiff's conduct infringes any valid rights of Counterclaim-Defendant, whether Counterclaim-Defendant has any valid and enforceable rights in the Asserted Marks, and if so, what the scope of protection is in the Asserted Marks.

## <u>COUNT I</u>
**(Declaratory Judgement of Cancellation of Plaintiff's Trademark Registrations (15 U.S.C. § 1119; 28 U.S.C. §§ 2201 *et seq.*))**

15.     Counterclaim-Plaintiff incorporates the prior paragraphs as if set forth fully herein.

16.     The Asserted Marks are invalid and/or unenforceable in whole or in part for at least the following reasons: (a) the term "Hometown"/"Home Town" is generic, or at a minimum descriptive, for retail furniture store services; (b) the Asserted Marks lack distinctiveness and have not acquired secondary meaning beyond a narrow scope, if any, particularly given extensive third-party usage; and/or (c) any enforceable scope is limited and does not reach Counterclaim-Plaintiff's uses.

17.     Counterclaim-Defendant's failure to monitor or assert any alleged rights in the Asserted Marks against third parties who have used the term "Hometown" in connection with retail furniture services demonstrates that Counterclaim-Defendant has conceded the genericness of the term "Hometown" in connection with the same.

18.    Further, in a letter dated June 3, 2025, Counterclaim-Defendant stated, "The use of 'HOMETOWN' in connection with retail furniture store services implies a locally-owned or community-focused furniture store." Thus, Counterclaim-Defendant conceded that the term is used generically.

19.    Counterclaim-Plaintiff is likely to be damaged by the continued registration of the Asserted Marks as asserted by Counterclaim-Defendant, namely:

| TRADEMARK | REGISTRATION NO. | SERVICES |
|---|---|---|
| YOUR HOMETOWN STORE® | 2343623 | **Class 35**: Retail furniture store services |
| YOUR HOME TOWN STORE® | 2341415 | **Class 35**: Retail furniture store services |
| THE HOMETOWN STORE YOU CAN TRUST® | 2483309 | **Class 35**: Retail furniture store services |

20.    By reason of the foregoing, Trademark Registration Nos. 2343623, 2341415, and 2483309 should be cancelled pursuant to Lanham Act § 37 (15 U.S.C. § 1119).

**COUNT II**
**(Abuse of Process)**

21.    Counterclaim-Plaintiff incorporates the prior paragraphs as if set forth fully herein.

22.    Counterclaim-Defendant has asserted a cause of action for trademark counterfeiting without factual or legal basis, and with knowledge that Counterclaim-Plaintiff has not used any spurious mark that is identical with, or substantially indistinguishable from, any valid registered mark of Counterclaim-Defendant.

23.    Counterclaim-Defendant's assertion of a counterfeiting claim was made for an improper purpose, including but not limited to harassing Counterclaim-Plaintiff, increasing the cost and burden of litigation, attempting to tortiously interfere with and unfairly compete with Counterclaim-Plaintiff, and attempting to gain undue leverage in this dispute. Counterclaim-

Defendant's use of the judicial process in this manner constitutes an abuse of process under Georgia law and/or federal common law.

24.     Following the initiation of this action, Counterclaim-Defendant invoked the pendency of this lawsuit and the counterfeiting allegations as a basis to influence third parties' perceptions of Counterclaim-Plaintiff's business, separate and apart from any request for relief from this Court.

25.     Counterclaim-Defendant's use of the judicial process extended beyond seeking adjudication of trademark rights and included leveraging the existence of this action as a coercive instrument to chill Counterclaim-Plaintiff's commercial activity and impair its ability to operate in the ordinary course of business.

26.     The counterfeiting allegations were uniquely suited to misuse because they carry an extraordinary stigma within the retail marketplace, and Counterclaim-Defendant exploited that stigma to exert pressure unrelated to any legitimate purpose of the litigation.

27.     Counterclaim-Defendant's conduct reflects a calculated effort to use process as a means of commercial intimidation and competitive interference, rather than as a vehicle to resolve a bona fide legal dispute over trademark scope.

28.     Counterclaim-Defendant's misuse of process is ongoing and continues to cause harm to Counterclaim-Plaintiff so long as the counterfeiting allegations remain asserted and are wielded as leverage.

29.     As a direct and proximate result of Counterclaim-Defendant's abuse of process, Counterclaim-Plaintiff has suffered and will continue to suffer damages, including but not limited to attorneys' fees, costs, and other expenses incurred in defending against the frivolous claim.

### COUNT III
**(Unfair Competition Under 15 U.S.C. § 1125(a) And Georgia Common Law)**

30.    Counterclaim-Plaintiff incorporates the prior paragraphs as if set forth fully herein.

31.    Counterclaim-Defendant has used its trademarks and the threat of litigation as anti-competitive tools to suppress legitimate market competition. Counterclaim-Defendant is attempting to monopolize the use of the descriptive term "Hometown"—a term widely used in the retail furniture industry and not exclusive to Counterclaim-Defendant. Counterclaim-Defendant has asserted rights far beyond what is permitted.

32.    Counterclaim-Defendant has made false, misleading, and overstated representations to the public, including asserting that Counterclaim-Plaintiff's use constitutes "counterfeiting," misrepresenting the strength, scope, and exclusivity of its marks, and claiming rights it does not possess over descriptive and/or generic terminology. These representations were made in commerce and have caused and/or are likely to cause confusion or mistake about the legitimacy of Counterclaim-Plaintiff's activities and Counterclaim-Defendant's rights. Counterclaim-Defendant's conduct was intended to prevent Counterclaim-Plaintiff from fairly competing in the retail furniture market by attempting to improperly expand trademark rights.

33.    Counterclaim-Defendant's unfair competition extended beyond the filing of this action and included conduct directed at the marketplace, in which Counterclaim-Defendant sought to portray Counterclaim-Plaintiff as operating unlawfully or illegitimately in the retail furniture industry.

34.    Counterclaim-Defendant made or caused to be made statements to third parties, including customers, vendors, landlords, and other market participants, asserting or implying that Counterclaim-Plaintiff's business constituted infringement or "counterfeiting," thereby casting doubt on the legitimacy of Counterclaim-Plaintiff's operations.

35.     These statements were false or misleading because Counterclaim-Plaintiff's use of "Hometown Furniture" is lawful, descriptive, and consistent with widespread industry usage, and because Counterclaim-Defendant does not possess exclusive rights to the term "Hometown."

36.     Counterclaim-Defendant's conduct was undertaken in commerce and for the purpose of influencing purchasing, leasing, financing, and other commercial decisions, and had the tendency to divert business, disrupt relationships, and unfairly disadvantage Counterclaim-Plaintiff in the competitive marketplace.

37.     By misrepresenting the scope and strength of its asserted trademark rights and by falsely denigrating Counterclaim-Plaintiff's business, Counterclaim-Defendant engaged in unfair competition under the Lanham Act and Georgia common law, independent of any adjudication of trademark infringement.

38.     Counterclaim-Defendant's unfair competitive conduct is ongoing and continues to cause harm to Counterclaim-Plaintiff by chilling lawful competition, impairing goodwill, and creating uncertainty among customers and business partners regarding Counterclaim-Plaintiff's right to operate its retail furniture stores.

39.     As a direct and proximate result of Counterclaim-Defendant's actions, Counterclaim-Plaintiff has suffered and will continue to suffer harm, including but not limited to attorneys' fees, costs, and other expenses incurred in defending against Counterclaim-Defendant's overreaching and improper claims.

## COUNT IV
### (Tortious Interference)

40.     Counterclaim-Plaintiff incorporates the prior paragraphs as if set forth fully herein.

41.     Counterclaim-Plaintiff has ongoing business relationships and prospective economic relationships with customers, vendors, landlords, lenders, employees, and/or prospective

business partners involved in the operation of retail furniture stores. Counterclaim-Defendant was aware, or reasonably should have been aware, of Counterclaim-Plaintiff's existing and prospective business relationships.

42.     Counterclaim-Defendant has intentionally engaged in conduct designed to disrupt or interfere with Counterclaim-Plaintiff's business by the misconduct complained of herein. Counterclaim-Defendant's conduct was willful, malicious, and undertaken in bad faith with the intent to disrupt Counterclaim-Plaintiff's business operations, restrain competition, and leverage litigation threats to force Counterclaim-Plaintiff out of the market. Counterclaim-Defendant's actions were without privilege or justification.

43.     Counterclaim-Defendant's interfering conduct included communicating, directly or indirectly, with third parties having existing or prospective business relationships with Counterclaim-Plaintiff, for the purpose of discouraging those third parties from doing business with Counterclaim-Plaintiff.

44.     In such communications, Counterclaim-Defendant asserted or implied that Counterclaim-Plaintiff's business operations were unlawful, infringing, or counterfeit, thereby calling into question Counterclaim-Plaintiff's legitimacy as a retail furniture operator.

45.     Counterclaim-Defendant made such statements with knowledge that Counterclaim-Plaintiff had lawful rights to operate under the name "Hometown Furniture," and that Counterclaim-Defendant did not possess exclusive rights to the descriptive term "Hometown."

46.     Counterclaim-Defendant's conduct was independently wrongful and improper because it consisted of false or misleading accusations, threats of legal action, and misuse of asserted trademark rights for the purpose of disrupting Counterclaim-Plaintiff's business relationships rather than protecting any legitimate interest.

47.     Counterclaim-Defendant's interference was not justified by legitimate competition or good-faith trademark enforcement but was undertaken to restrain lawful competition and gain improper leverage over Counterclaim-Plaintiff in the retail furniture marketplace.

48.     Counterclaim-Defendant's tortious interference is ongoing and continues to harm Counterclaim-Plaintiff so long as Counterclaim-Defendant persists in asserting unfounded accusations and leveraging them to impair Counterclaim-Plaintiff's existing and prospective economic relationships.

49.     As a direct and proximate result of Counterclaim-Defendant's actions, Counterclaim-Plaintiff has suffered and will continue to suffer harm, including but not limited to attorneys' fees, costs, and other expenses incurred in defending against Counterclaim-Defendant's overreaching and improper claims

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Counterclaim-Plaintiff respectfully requests that the Court enter judgement in its favor and against Counterclaim-Defendant as follows:

a) Judgement that the Asserted Marks are invalid and/or unenforceable in whole or in part, and corresponding relief under 15 U.S.C. § 1119 including amendment, restriction, or cancellation as warranted;

b) Judgement that Counterclaim-Defendant has engaged in abusive of process relating to its claims;

c) Judgement that Counterclaim-Defendant has engaged in unfair competition under 15 U.S.C. § 1125(a) and Georgia common law;

d) Judgement that Counterclaim-Defendant has tortiously interfered with Counterclaim-Plaintiff's ongoing and prospective economic relationships; and

e) An award to Counterclaim-Plaintiff of its damages, attorney fees, costs, disbursements, and such other and further relief as the Court deems just and proper or otherwise provided by law.

## JURY DEMAND

Counterclaim-Plaintiff demands a trial by jury on all issues so triable.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Stephen F.W. Ball, Jr.*

Jonathan A. Porter, GA Bar No. 725457
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
202.378.2300 Phone
202.378.2319 Fax
jonathan.porter@huschblackwell.com

Stephen F.W. Ball, Jr.*
**HUSCH BLACKWELL LLP**
One Congress Street, Suite 3102
Boston, MA 02114
617.598.6700 Phone
617.598.6790 Fax
stephen.ball@huschblackwell.com

Jeffer Ali*
**HUSCH BLACKWELL LLP**
80 S. Eighth Street, Suite 4800
Minneapolis, MN 55402
612.852.3610 Phone
612.852.2701 Fax
jeffer.ali@huschblackwell.com

*Admitted pro hac vice*

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 27th day of February 2026, I caused the foregoing document to be filed electronically with the Clerk of Court, therefore serving upon all counsel of record.

<i>/s/ Stephen F.W. Ball, Jr.</i>