**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| WAREHOUSE HOME FURNISHING DISTRIBUTORS, INC,<br><br>Plaintiff,<br><br>v.<br><br>PRIDEFAM BUSINESS VENTURES, LLC, and 2002 MARSHALL ENTERPRISES, LLC,<br><br>Defendants. | CIVIL ACTION NO.: 2:25-cv-144 |

**O R D E R**

Plaintiff filed a Motion to Stay Discovery. Doc. 27. Defendants filed a Response in opposition. Doc. 31. Plaintiff filed a Reply. Doc. 37. For the reasons below, I **GRANT** Plaintiff's Motion to Stay Discovery and **STAY** all discovery. This stay will be automatically lifted upon the issuance of a Court order ruling on Plaintiff's motion to dismiss Defendants' amended counterclaims, doc. 38. I **DIRECT** the Clerk of Court to **TERMINATE** the Rule 26(f) report. Doc. 28. I further **DIRECT** the parties to confer within 14 days of a ruling on Defendant's motion to dismiss the amended counterclaims and then submit their Rule 26(f) report 7 days after their conference.

In the Complaint, Plaintiff alleges it owns three federally registered trademarks for retail furniture store services. Doc. 1 at 5. Plaintiff alleges Defendants operate retail furniture stores under a name that infringes on Plaintiff's marks and creates a likelihood of confusion among consumers. Id. at 14–24.

Defendants brought counterclaims, challenging Plaintiff's trademarks and bringing claims of abusive litigation and anti-competitive conduct. Docs. 15, 16. Plaintiff filed motions to dismiss Defendants' counterclaims and this Motion to Stay Discovery, asking the Court to stay all discovery pending resolution of its motions to dismiss. Docs. 25, 26, 27. Defendants filed a Response opposing Plaintiff's Motion to Stay, doc. 31, and then amended the counterclaims. Docs. 32, 33. Plaintiff filed a Reply, doc. 37, and moved to dismiss the amended counterclaims.[1] Doc. 38.

Plaintiff states that the Court should stay all discovery to conserve resources. Doc. 27 at 3. Plaintiff states that Defendants' amended counterclaims enlarge the scope of discovery because the counterclaims involve conduct unrelated to Plaintiff's trademark infringement claims. Doc. 37 at 4. Plaintiff states that, if not dismissed, these counterclaims "would require extensive third-party discovery and depositions of non-parties." Id. at 7. Plaintiff adds that a stay will not prejudice Defendants. Id. at 8. Finally, Plaintiff contends that Defendants' alleged commercial and reputational harm because of this litigation does not support allowing discovery to go forward. Id. at 6–7.

Defendants oppose Plaintiff's Motion to Stay. Defendants state that the Court should not impose a stay because Plaintiff's motion to dismiss would not dispose of the entire case. Doc. 31 at 2. Defendants state that Plaintiff has not shown that a stay is necessary to avoid prejudice or burden and that the matters at issue in Plaintiff's claims and their counterclaims overlap. Id. at

[1] Plaintiff asks this Court to stay this case pending the resolution of the motions to dismiss docketed at Document Numbers 25 and 26. Doc. 27 at 1. Plaintiff did not withdraw this Motion or file a new motion to stay with the motion to dismiss docketed at Document Number 38. Thus, the Court construes Plaintiff's pending Motion to Stay as also asking for a stay pending the resolution of Plaintiff's motion to dismiss Defendants' amended counterclaims.

3–4. Defendants also contend that any delay in adjudication would result in Defendants suffering reputational and commercial harm. Id. at 4–5.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a dispositive motion before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion that will dispose of the entire case. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); James v. Hunt, 761 F. App'x 975, 981 (11th Cir. 2018) (determining district court did not abuse discretion by staying proceedings until ruling on pending motion for judgment on the pleadings in light of the fact the claims "would have substantially enlarged the scope of discovery") (citing Chudasama, 123 F.3d at 1368); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the] motion to dismiss to avoid undue expense to both parties.")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sep. 8,

2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367. In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016) (citations and quotations omitted).

Plaintiff has met its burden in showing that a stay is appropriate. While ruling on Plaintiff's motion to dismiss Defendants' amended counterclaims is a decision for the District Judge, a "preliminary peek" reveals the motion is not frivolous. Sams, 2016 WL 3339764 at *6. Plaintiff asks the District Judge to dismiss all of Defendants' counterclaims, arguing that they fail to state claims for relief. See Doc. 38. These issues present purely legal questions, seemingly obviating the need for any discovery to take place before the District Judge resolves the motion. Rivas, 676 F. App'x at 932. A stay allows the District Judge to properly evaluate Plaintiff's motion and Defendants' responses before proceeding with discovery that might be costly for all parties.

A stay is appropriate even though Plaintiff's motion to dismiss would not dispose of this case. Courts in this Circuit routinely grant motions to stay discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." Jackson v. Fed. Home Loan Mortg. Corp., No. CV413-124, 2014 WL 12659868, at *1 (S.D. Ga. Apr. 29, 2014) (quoting White v. Georgia, No. 1:07-cv-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)); Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (explaining "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." (quoting

Chudasama, 123 F.3d at 1368)). While Defendants contend that the matters at issue in their counterclaims overlap with Plaintiff's claims, Plaintiff asserts that resolving the counterclaims would involve additional, extensive discovery. Thus, dismissing some or all of Defendants' counterclaims could significantly reduce the scope of discovery, which supports granting a stay.

Defendants' remaining arguments are unpersuasive. Defendants argue that Plaintiff has not identified a particular burden warranting staying discovery, but there appears to be little harm in delaying discovery, even if some or all of the counterclaims survive the motion to dismiss. And although Defendants allude to commercial and reputational harm because of Plaintiff's allegations, they fail to explain why a stay would cause undue prejudice or risk the destruction of evidence. Allowing discovery to proceed now, before the District Judge potentially dismisses some of Defendants' counterclaims, is no more efficient than granting a stay until after the District Judge resolves Plaintiff's motion to dismiss. Because a stay could reduce litigation costs, I find good cause to stay discovery.

For the reasons stated above, I **GRANT** Plaintiff's Motion to Stay Discovery and **STAY** all discovery. This stay will be automatically lifted upon the issuance of a court order ruling on Plaintiff's motion to dismiss Defendants' amended counterclaims, doc. 38. I **DIRECT** the Clerk of Court to **TERMINATE** the Rule 26(f) report. Doc. 28. I further **DIRECT** the parties to confer within 14 days of a ruling on Plaintiff's motion to dismiss Defendants' amended counterclaims and then submit their Rule 26(f) report 7 days after their conference.

**SO ORDERED**, this 30th day of March, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA